The Honorable Mike Ross State Senator P.O. Box 374 Prescott, AR 71856-0374
Dear Senator Ross:
You have requested an Attorney General opinion concerning the legality of the officer of a bank with whom the city does business being appointed to the city council.
You indicate that the president and CEO of the Bank of Prescott recently applied for a vacant position on the Prescott City Council. You further indicate that the city is a deposit customer of the bank. For this reason, the bank president and CEO was advised that he was ineligible to serve on the city council.
In light of this situation, you have asked:
 Would it be a violation of A.C.A. § 14-42-107 for the President and CEO of the Bank of Prescott to serve as a city councilman for the City of Prescott?
RESPONSE
It is my opinion that service on the city council by the president and CEO of a bank with which the city does business does not, in and of itself, constitute a violation of A.C.A. § 14-42-107. He is therefore not ineligible to serve on the city council. However, if the city continues to conduct business with the bank, he will be in violation of A.C.A. §14-42-107 unless the city council has enacted an ordinance permitting him to conduct business with the city, and describing the extent of his authority to do so.
The pertinent part of A.C.A. § 14-42-107 states:
 (b)(1) No alderman or council member shall be interested, directly or indirectly, in the profits of any contract for the furnishing of supplies, equipment, or services to the municipality unless the governing body of the city shall have enacted an ordinance specifically permitting aldermen or council members to conduct business with the city and prescribing the extent of this authority.
 (2) The prohibition prescribed in this subsection shall not apply to contracts for the furnishing of supplies, equipment, or services to be performed for a municipality by a corporation in which no alderman or council member holds any executive or managerial office, or by a corporation in which a controlling interest is held by stockholders who are not aldermen or council members.
A.C.A. § 14-42-107(b).
The above-quoted statutory language is unambiguous in its prohibition of city council members conducting business with the city. Although the statute makes an exception for situations in which the council member in question does not hold an executive or managerial office in the corporation with which the city is conducting business, or in which the controlling interest in that corporation is held by stockholders who are not aldermen or council members,[1] the situation you have described does not qualify for this exception, since a bank's president and CEO clearly occupies an "executive or managerial office."
Nevertheless, the situation may be permissible under the other exception provided in the statute. If the city has enacted an ordinance that permits this bank president and CEO to do business with the city while serving on the city council, and if the ordinance describes the extent of his authority to conduct such business, the situation is permissible. Because the statute provides for this exception, I must conclude that the bank president and CEO is not per se ineligible to serve on the council. However, I reiterate that if the city council does not enact such an ordinance, his service on the council will constitute a violation of A.C.A. § 14-42-107. I note that the statute appears to contemplate the passage of such an ordinance and a decision to begin conducting the business in question after the individual in question is already on the council. The situation you have described differs from this scenario somewhat in that the city is already doing business with the bank. Thus, the bank president and CEO would automatically be in violation of the statute upon taking office, unless the city council passes the ordinance prior to his taking office.
I must also note that even if the city council does enact the required ordinance, the bank president and CEO must remain cognizant of the provisions of A.C.A. § 21-8-304, under which public officials such as city council members are prohibited from using their public positions to obtain personal benefits. This prohibition is set forth in A.C.A. §21-8-304, which states:
 (a) No public official or state employee shall use his position to secure special privileges or exemption for himself, his spouse, child, parents, or other persons standing in the first degree of relationship, or for those with whom he has a substantial financial relationship, that is not available to others, except as may be otherwise provided by law.
A.C.A. § 21-8-304(a).
If the bank president and CEO does serve on the city council and the city continues to do business with the bank pursuant to an appropriate ordinance, the bank president and CEO must be vigilant in complying with the above-quoted statute.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] This office has previously interpreted the exception that is stated in § (b)(2) to mean that both of the conditions mentioned therein must exist in order for the exception of § (b)(2) to apply. That is, the council member must neither hold an executive or managerial office with the company in question, nor hold a controlling interest in that company)See Op. Att'y Gen. No. 90-132. Another way of stating this conclusion is to say that if either of these states of affairs exists, the prohibition will apply. It is my opinion that this interpretation is correct. An interpretation under which the exception would apply if either one or the other (but not both) of the conditions were met would defeat the clear intent of both the prohibition and the exception. Such an interpretation would allow service on the city council by a person who exercises one type of control over a corporation with which the city does business simply because he does not also happen to exercise the other type of control over that organization. The exception appears to have been intended to allow service on the city council (without a special ordinance) by persons who are affiliated with corporations with which the city does business, but who exercise no substantial authority in those corporations.